UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JEREMY DORSEY, JEFFERY DORSEY, AND BRYANT DORSEY | CIVIL ACTION NO. 3:11-cv-00167 |
| VERSUS | |
| SID GAUTREAUX, SHERIFF OF EAST BATON ROUGE, THREE UNNAMED SHERIFF'S DEPUTIES AND ABC INSURANCE COMPANY | JUDGE RALPH E. TYSON |
| | MAGISTRATE JUDGE NOLAND |

## ANSWER TO ORIGINAL AND FIRST AMENDED PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes A. Thornton, C. Milligan, and R. Sanford who in response to the allegations of the Original and First Amended Petition for Damages, represents as follows:

1.

In response to the allegations of Paragraph 1 of the Original and First Amended Petition for Damages, it is admitted that A. Thornton, C. Milligan, and R. Sanford are made Defendants herein. Except to the extent thus expressly admitted, the allegations of Paragraph 1 are denied.

2.

The allegations of Paragraph 2 of the Original and First Amended Petition for Damages are denied for lack of sufficient information to justify belief therein.

3.

The allegations of Paragraph 3 of the Original and First Amended Petition for Damages are denied.

4.

The allegations of Paragraph 4 of the Original and First Amended Petition for Damages are denied.

5.

The allegations of Paragraph 5 of the Original and First Amended Petition for Damages are denied.

6.

In response to the allegations of Paragraph 6 of the Original and First Amended Petition for Damages, it is admitted that deputies were working extra duty assignments at the Woodlawn High School football game. Except to the extent thus expressly admitted, the allegations of Paragraph 6 are denied.

7.

The allegations of Paragraph 7 of the Original and First Amended Petition for Damages are denied.

8.

The allegations of Paragraph 8 of the Original and First Amended Petition for Damages are denied.

9.

The allegations of Paragraph 9 of the Original and First Amended Petition for Damages are denied.

10.

The allegations of Paragraph 10 of the Original and First Amended Petition for Damages are denied.

11.

The allegations of Paragraph 11 of the Original and First Amended Petition for Damages are denied.

12.

Paragraph 12 of the Original and First Amended Petition for Damages does not require a response from Defendants. Out of an abundance of caution, the allegations of Paragraph 12 are denied.

13.

The allegations of Paragraph 13 are denied for lack of sufficient information to justify belief therein.

14.

The allegations set forth in Paragraph 14 are denied for lack of sufficient information to justify belief therein.

15.

The allegations of Paragraph 15 of the First Amended Petition for Damages are admitted as to the citizenship and residency of Defendants, A. Thornton, C. Milligan and R. Sanford. All other allegations are denied for lack of sufficient information to justify belief therein.

16.

The allegations of Paragraph 16 of the First Amended Petition for Damages are denied.

17.

The allegations of Paragraph 17 of the First Amended Petition for Damages are denied.

18.

The allegations of Paragraph 18 of the First Amended Petition for Damages are denied.

19.

The allegations of Paragraph 19 of the First Amended Petition for Damages are denied.

**NOW, FURTHER ANSWERING**, your Defendants specifically plead and allege the following affirmative defenses:

20.

Defendants submit that the deputies had probable cause and reasonable suspicion to effect the arrests that are the subject of this litigation.

21.

The First Amended Petition for Damages and Original Petition for Damages fail to state a claim upon which relief can be granted.

22.

Plaintiffs have incurred no actual damages and/or are not entitled to recover statutory damages.

23.

Any damages that Plaintiffs may have incurred are the result of acts or omissions of parties other than Defendants and Defendants are not legally responsible.

24.

It is specifically averred that Plaintiffs failed to mitigate and/or prevent the alleged damages.

25.

It is affirmatively plead that Defendants did nothing to constitute a violation of any Federal or State law.

26.

It is specifically averred that Plaintiffs have no cause of action against Defendants.

27.

Defendants' actions were taken in good faith and for legitimate purposes.

28.

At all times pertinent hereto, Defendants acted in good faith while in the performance of their official duties and are entitled to qualified immunity and/or privilege pursuant to any applicable State and/or Federal law.

29.

Defendants plead the statutory limitations provided in La. R.S. 13:5106.

30.

In accordance with Louisiana Code of Civil Procedure Article 1733, Defendants demand a trial by jury.

**WHEREFORE**, A. Thornton, C. Milligan, and R. Sanford, pray that this Answer be deemed good and sufficient, that there be a trial by jury, and that after due proceedings are had there be judgment in favor of Defendants, dismissing the demands of Plaintiffs, at Plaintiffs' costs.

Respectfully submitted,

**CRAWFORD LEWIS, P.L.L.C.**

BY: <u>/s Judson G. Banks</u>
MARY G. ERLINGSON (19562)
JUDSON G. BANKS (27369)
TARA L. JOHNSTON (28100)
450 Laurel Street, Suite 1600
Post Office Box 3656
Baton Rouge, Louisiana 70821-3656
Telephone: (225) 343-5290
Facsimile: (225) 383-5508

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of March, 2011, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Joe Long by operation of the court's electronic filing system.

Joseph J. Long
247 Florida Street
Baton Rouge, LA 70801

Baton Rouge, Louisiana, this 23rd day of March, 2011.

<u>s/Judson G. Banks</u>
Judson G. Banks