| | |
|---|---|
| JEREMY DORSEY, JEFFERY DORSEY, AND BRYANT DORSEY | CIVIL ACTION NO.: 3:11-CV-00167 |
| VERSUS | |
| SID GAUTREAUX, SHERIFF OF EAST BATON ROUGE, THREE UNNAMED SHERIFF'S DEPUTIES, AND ABC INSURANCE COMPANY | JUDGE RALPH E. TYSON<br><br>MAGISTRATE NOLAND |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**MEMORANDUM IN OPPOSITION OF MOTION TO STAY**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MAY IT PLEASE THE COURT:**

Plaintiffs Jeremy Dorsey, Jeffery Dorsey, and Bryant Dorsey submit this memorandum in opposition of defendants' Motion to Stay. For the reasons set forth below, the claims asserted by defendants herein are outweighed by the Plaintiffs' interests in proceeding with civil discovery.

**I.      SUMMARY OF FACTS & PROCEDURAL HISTORY**

Plaintiffs, Jeremy Dorsey, Jeffery Dorsey, and Bryant Dorsey, attended a Woodlawn High School football game on September 18, 2009 in Baton Rouge. While watching the game, Jeremy, Jeffery, and Bryant were arrested by defendants, A. Thornton, C. Milligan, and R. Sanford, in the course and scope of their employment with the Baton Rouge Sheriffs' Department. Jeremy and Bryant were cited for disturbing the peace and resisting an officer. Jeffery was cited for disturbing the peace, resisting an officer, and battery on a police officer. Once they were cited, all three were released to their parents.

Jeremy, Jeffery, and Bryant Dorsey filed suit for damages and injuries sustained during arrest in State District Court. Plaintiffs amended the state petition by adding the names of the

Sheriff's deputies and alleging federal causes of action on 20 February 2011 and Defendants removed this matter to Federal Court. On June 21st, 2011, the defense filed this Motion to stay the civil trial until the completion of the criminal matter.

II.    LAW AND ARGUMENT

Discovery has been ongoing in this matter for months as it was originally filed in State Court. The defense filed this motion arguing that somehow, if we proceed with civil discovery, it will negatively impact the criminal matter, yet Defendants give no good reason to suspend discovery in the civil matter. The general rule is that the Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. *Securrties & Exchange Comm'n v. Dresser Indus.,* 628 F.2d 1368, 1375 (D.C.Cir.1980). The criminal misdemeanor trial is set for August 8th, 2011 before the Honorable Judge Johnson's Court in the 19th Judicial District Court. The status conference for this civil proceeding is set for July 21, 2011 to establish discovery deadlines and a trial date.

The trial date on this matter will likely not be until the winter of 2012. The defense filed the motion to stay the civil trial to unreasonably delay discovery on the civil matter once counsel was put on notice that he could not take plaintiffs' deposition prior to the criminal trial.

This issue is not new and has been addressed many times. The Court in *Scheuerman v. City of Huntsville, 373 F.Supp.2 1251* ruled that a stay was not warranted. In Scheuerman, the Plaintiff was shot during a police arrest and filed a 1983 claim against the city police while his criminal matter was pending. The defendants filed for a stay until the end of the criminal

proceeding, just as Defendants have done here. The Court held that an arrestee's entitlement to discovery in the federal action allowing him access to materials he otherwise could not have prior to his criminal trial did not warrant a stay in the proceeding or in discovery. The Court also held that the possibility that arrestee could invoke his 5th Amendment privilege against self-incrimination and refuse to respond to defendants' discovery requests did not warrant a stay.

In the Court's analysis of these outcomes, it set forth factors to use when determining whether to stay a civil proceeding pending the outcome of a criminal proceeding:

➢ The private interests of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed

➢ The private interests of and burden on the defendants

➢ The convenience to the courts

➢ The interest of persons not parties to the civil litigation

➢ The public interest

In analyzing this case with the above factors, it is apparent that discovery should proceed. First, the private interests of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed should be weighed. In civil discovery, plaintiffs will have an opportunity to depose all of the Defendants' witnesses before trial, something they would not enjoy in the criminal matter. This would limit the opportunity for a "surprise" witness to come forward at the last moment with no notice. Defendants owe this to plaintiffs as the plaintiffs cooperated fully with the internal affairs investigation and gave their statements and gave over a dozen witnesses' names and contact information to IA before filing

suit. The investigating officer at the Sheriff's office promised to give the results of the investigation to undersigned counsel upon the conclusion of his investigation. This report was never given to undersigned counsel as promised and Plaintiffs have an interest in deposing the investigating officer to find what he discovered. Also, a delay in discovery could inhibit the plaintiffs' ability to find witnesses. Most of the witnesses were young adults who will be attending college, some out of the area. A delay could also affect the witnesses' ability to recall the events as this matter happened nearly two years ago. *Clinton v. Jones*, 520 U.S. 681, 707-08, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997). Therefore, the Plaintiffs' interest would be too severely prejudiced if the civil discovery could not proceed.

Secondly, the private interests of and burden on the defendants must be considered. The burden of the defendants is minimal if any as they are merely trying to unreasonably delay discovery of the civil matter. Defendant never cited one reason it would be burdened by proceeding with discovery. This discovery will have to be done anyway and proceeding now versus waiting prejudices the Defendant in no appreciable way.

Thirdly, the convenience to the Courts is one of the most substantial aspects to consider in making the determination at bar. The Court in *Paine, Webber, Jackson & Curtis Incorporated v. Malon S. Andrus,* 486 F.Supp. 1118, 1119 (S.D.N.Y.1980) held that granting a stay for the civil proceeding "solely because a litigant is defending simultaneous multiple suits would threaten to become a constant source of delay and an interference with judicial administration." Staying this proceeding will further the congestion of the Court's docket and serve merely as a delay in the interest of justice.

Fourthly, the interest of persons not parties to the civil litigation is not applicable in this situation because all the interested persons are parties to the suit or are the public.

Lastly, the public interest must be considered when delaying civil discovery. A delay may increase the danger of prejudice for the reasons explained in the plaintiffs' factors. Many hundreds of citizens of the Baton Rouge community attended that football game and witnessed the Sheriffs' deputies' attacks on Jeremy and Jeffrey. Justice delayed is justice denied and the public has a right to know what happened on that September night and what will happen to those deputies. The public further has a right to know that all of Baton Rouge citizens have an adequate remedy to hear their grievances when policemen go too far and use excessive force.

The defense argues that *Heck* is the jurisprudence that should be followed; however, *Heck* does not apply because it presents a false argument. Defense argues in his brief that a judgment in favor of plaintiffs on the claims asserted would call into question and necessarily imply the invalidity of a conviction or sentence in the pending criminal prosecution. We are merely in discovery. The criminal matter will long be resolved by the time we face a trial date. If the plaintiffs are convicted of resisting an officer, then the Defendants can ask for partial dismissal at the appropriate time. But even if any of the Plaintiffs are convicted of resisting an officer, there is no bar to the excessive force claims that have been asserted.

*Ballard v. Burton* 444 F.3d 391 shows that a §1983 claim for excessive force would not imply the invalidity of a resisting an officer conviction, and therefore would not be barred by *Heck*, if the factual basis for the conviction is temporally and conceptually distinct from the

excessive force claim. According to witness statements, Jeffrey was continually tazed and beaten while in handcuffs, lying on the ground. Jeremy was punched multiple times in the face and head as he lay on the ground, limp and unconscious. If proving the elements of the civil wrong do not negate the elements of the criminal wrong, then the criminal ruling is not invalidated. It is axiomatic in our law that a police officer can be found liable for using excessive force even if the arrest was legal. Likewise, *Bush v. Strain* 513 F.3d 492 rules that as long as the civil action determination serves as no hindrance on the criminal conviction, then the civil action is still permissible and shall be granted.

## III. CONCLUSION

We are in discovery. Defendants wrongly assert *Heck* and present a false choice; stay the civil proceeding or risk invalidation of the criminal matter. That is not the choice at all. The civil trial will not be for many months. There is no good reason to suspend the civil matter at this time. The Scheuerman factors discussed, supra, all weigh in favor of proceeding with discovery. The analysis of these items shows that the civil proceeding, as well as its discovery, should continue to move forward so as to not unreasonably delay Plaintiffs and the public's interest in justice and not to further congest the Court's docket. Defendants have not given one reason why proceeding with discovery would prejudice them. Defendants waive the bloody flag of *Heck*, but it is not appropriate in this matter. Even if the criminal trial in August results in resisting an officer convictions for all three plaintiffs, the convictions would not be a bar to the excessive force allegations under the rule of *Ballard v. Burton and Bush v. Strain*. Since the federal litigation will go forward no matter what the result of the criminal trial, Defendants motion must be denied. The amount of force to make the arrest must be reasonable. Repeatedly

tazing and beating a handcuffed suspect on the ground in a misdemeanor is excessive. Repeatedly beating an unconscious 17 year old boy in the head is unreasonable force. The case will go forward no matter what happens on August 8th. For all these reasons, Defendants motion to stay proceedings should be denied.

Respectfully Submitted,

/s/Joseph J. Long
Joseph J. Long
La. Bar Roll #25968
251 Florida Street, Ste. 308
Baton Rouge, LA 70801
(225) 343-7288
FAX 267-5664
Counsel for Plaintiffs

## Certificate of Service

I hereby certify that a copy of the above and foregoing pleading has be served on counsel for all parties to this proceeding via the Court's electronic service this 1st day of July, 2011.

/s/Joseph J. Long