UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JEREMY DORSEY, JEFFERY DORSEY, AND BRYANT DORSEY | CIVIL ACTION NO. 3:11-cv-00167 |
| VERSUS | |
| SID GAUTREAUX, SHERIFF OF EAST BATON ROUGE, THREE UNNAMED SHERIFF'S DEPUTIES AND ABC INSURANCE COMPANY | JUDGE RALPH E. TYSON |
| | MAGISTRATE JUDGE NOLAND |

## AMENDED STATUS REPORT

A. **JURISDICTION:**

This Court has original jurisdiction under the provisions of 28 U.S.C. 1331 and 42 U.S.C. 1981, et seq., Plaintiffs allege that they sustained damages through defendants' actions, which plaintiffs allege were in violation of the Constitution of the United States of America. Therefore, federal question jurisdiction exists.

B. **BRIEF EXPLANATION OF THE CASE:**

1. Plaintiffs' claims:
   This is a civil rights lawsuit and related state claims brought by the Plaintiffs Jeremy Dorsey, Jeffery Dorsey and Bryant Dorsey, victims of police brutality, as well as state law claims under CC art. 2315. The petition was originally filed in State Court and was removed here in February 2011 after Plaintiff amended to name the unnamed deputies and asserted Federal Causes of Action. Compensatory, punitive damages and attorney's fees are sought against the police officers involved in the brutality and compensatory damages are sought against Sid Gautreaux, the Sheriff of East Baton Rouge Parish under the State law theory of Respondeat Superior. The parties agree that this began on September 18, 2009 when the Dorsey brothers were watching a football game at Woodlawn High School in Baton Rouge, Louisiana. Plaintiffs were arrested for disturbing the peace and resisting an officer; Bryant was arrested for asking where the police were taking his brothers and, in the case of Jeremy and Jeffrey, Plaintiffs were savagely beaten and repeatedly tazed.

2. Defendants Sid Gautreaux, in his official capacity as Sheriff of East Baton Rouge Parish, A. Thornton, C. Milligan, and R. Sanford claims:

Defendants dispute the allegations made by plaintiffs in their complaint as well as the facts upon which plaintiffs' allegations are based. Defendants also dispute that the damages allegedly sustained by plaintiff's were caused by any action or inaction on the part of defendants. Furthermore, defendants dispute the alleged extent of plaintiffs' damages.

**C. PENDING MOTIONS:**

A Motion to Stay these proceeding pending resolution of the plaintiffs' criminal charges is currently pending in front of this Court.

**D. ISSUES:**

1. Plaintiffs' issues:
   1. Whether Defendants violated Plaintiff's civil rights by using excessive force for a misdemeanor arrest.
   2. Whether defendants acted as co-conspirators in the attack on plaintiffs and thus are solidarity liable under state law.
   3. Whether Gautreaux is vicariously liable for the delicts of the defendant deputies under state law.
   4. Whether Defendants are entitled to qualified immunity
   5. Whether Gautreaux is entitled to qualified immunity
   6. Legal Causation: whether defendants actions caused compensable damages, and quantum of damages.
   7. Whether Plaintiff's are entitled to compensatory damages
   8. Whether Plaintiff's are entitled to punitive damages
   9. Whether Plaintiff's are entitled to attorney's fees, costs and interest.
   10. Other issues that may arise as discovery progresses.

2. Defendants' Claims:

   None at this time.

**E. DAMAGES:**

1. Plaintiffs' Claims: Plaintiffs seek special and reasonable general damages, punitive damages, attorney's fees, costs and interest under federal and state law, as applicable.

2. Defendants' Claims:

   Defendant's calculation of offset and/or plaintiff's damages:

   None at this time.

**F. SERVICE:**

All parties have been served and answered. There are no unresolved issues of service, personal jurisdiction, or venue.

G.  **DISCOVERY:**

1. Have the initial disclosures required under FRCP26(a)(1) been completed?

    ( ) YES     ( **X** ) NO

    A. Do any parties object to initial disclosures:

    ( ) YES     ( **X** ) NO

    For any party who answered *yes*, please explain your reasons for objecting.

    B. Please provide any stipulations reached by the parties with regard to FRCP 26(a)(1) initial disclosures.

2. Briefly describe any discovery that has been completed or is in progress:

    By plaintiffs: Plaintiffs answered Interrogatories and responded to Requests for Production of Documents that were propounded by defendants.

    By defendant(s): Defendants have answered Interrogatories, Requests for Admissions, and Requests for Production that were propounded by plaintiffs.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

    By plaintiffs: None at this time.

    By defendant(s): None at this time.

    In the event that Plaintiffs seek confidential business records or medical records in defendant's possession, defendant will seek a protective order to protect the confidentiality of the records sought to be produced. However, defendant reserves its right to object to the production of any records not discoverable.

4. Discovery from Experts:

    Identify the subject matter(s) as to which expert testimony will be offered by:

    Plaintiffs: None at this time.

    Defendant(s): None at this time.

## II. PROPOSED SCHEDULING ORDER

1. Recommended deadlines for amending the complaint, or adding new parties, claim, counter claims or cross claims:

2. Recommending deadlines for completion of fact discovery:

    A. Exchanging initial disclosures required by FRCP 26(a)(1):

    B. Filing all discovery motions and completing all discovery except experts:

3. Disclosure of identities and resumes of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

    Plaintiffs: Lloyd Grafton, Use of Force expert, police procedure.

    Defendant(s):

4. Exchange of expert reports:

    Plaintiffs:

    Defendant(s):

5. Completion of discovery from experts:

6. Filing dispositive motions:

7. If the general outline of proposed deadlines set forth in numbers 1-6 does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

## I. TRIAL:

1. Has a demand for trial by jury been made?

    ( X ) YES    (  ) NO

2. Estimate the number of days that trial will require.

    Four (4) Days

## J. OTHER MATTERS:

Are there any specific problems the parties wish to address at the scheduling conference?

        ( ) YES      ( X) NO

1.      If the answer is yes, please explain.

2.      If the answer is *no*, do the parties want the Court to cancel the scheduling conference and enter a Scheduling Order based on the deadlines set out in this report**?**

        ( ) YES      ( X ) NO

**K.    ALTERNATIVE DISPUTE RESOLUTION ("ADR"):**

1.      Several ADR techniques are available through the Court and may be helpful in your case. These include early neutral evaluation, mediation, and summary jury trial. Do the parties wish to engage in alternative dispute resolution proceedings?

        ( ) YES      ( **X** ) NO

2.      If the parties have been unable to agree on an ADR procedure, but on or more parties believes that the case is appropriate for such a procedure, identify the parties that recommend ADR and the specific ADR process recommended:

**L.    SETTLEMENT:**

1.      Please forth what efforts, if any, the parties have made to settle this case.

        None.

2.      Do the parties wish to have a settlement conference?

`        ( **X**) YES      ( ) NO

If your answer is *yes,* at what state of litigation would a settlement conference be most beneficial?

        At close of discovery.

**M.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE:**

You have the right to waive your right to proceed before a United States District Judge and you may instead consent to proceed before a United States Magistrate Judge.

Indicate whether at this time, all parties will agree, pursuant to 28 U.S.C.§63(c), to have a Magistrate Judge handle the remaining pretrial aspects for this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this Court:

( ) YES     ( **X** ) NO

**If your response is "yes", all attorneys and unrepresented parties please sign the attached Consent to Proceed Before a United States Magistrate Judge to indicate your consent.**

Report dated: **July 7, 2011**

                                           Respectfully submitted by:

                                           /s/Joseph J. Long
                                             Joseph J. Long
                                             La. Bar Roll #25968
                                             251 Florida Street, Ste. 308
                                             Baton Rouge, LA 70801
                                             (225) 343-7288
                                             FAX 267-5664
                                             Counsel for Plaintiffs


                                             /s/ Judson Banks
                                             Judson Banks (#27369)
                                             450 Laurel Street, Suite 1600
                                             P.O. Box 3656
                                             Baton Rouge, Louisiana 70821
                                             Telephone (225) 343-5290
                                             Counsel for Defendants


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been duly served on all counsel of record by depositing same into the U.S. Mail, postage pre-paid, and/or by hand and/or by facsimile and/or by electronic means on this 8th day of July, 2011.

                                        **/s/ Joseph J. Long**